UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| ALICIA J. ANDERSON, | ) | CASE NO. 5:19-cv-0988 |
|---|---|---|
| Plaintiff/Counter-Defendant, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| ANNETTE M. POPSON CORRELL, et al., | ) ) | |
| Defendants/Counter Claimants. | ) | |

Before the Court is the unopposed motion of defendants and counterclaimants Annette M. Correll ("Annette Correll") (originally named as Annette M. Popson Correll) and Dean Correll (together, "the Corrells" or "defendants") for sanctions against plaintiff Alicia J. Anderson ("Anderson" or "plaintiff") pursuant to Fed. R. Civ. P. 16(f), 26(c), 34(a)(2), 37(a)(5)(A), 37(b)(2), 37(d), and Local Rule 37.1. (Doc. No. 29 ["Mot."].) For the reasons and to the extent set forth herein, the motion is granted in part.

**I.      Facts Underlying Request for Order of Contempt and for Sanctions**

From the outset of this litigation, which was initiated by Anderson, she and her counsel have, quite inexplicably, repeatedly ignored the Federal Rules of Civil Procedure, this Court's Local Rules, and most of this Court's orders.

First, after the Corrells removed this case from the state court to this Court on May 2, 2019, they filed and served their answer and counterclaim on May 8, 2019. (Doc. No. 3.) The notice of electronic filing indicates that plaintiff's counsel, Jonathan P. Jennings, was served by email on May 8, 2019 through the CMECF system; however, it also appears that the email address may have been incorrect. When Anderson failed to answer the counterclaim, on June 13, 2019, the Corrells applied to the Clerk to enter default. (Doc. No. 7.) This application was served on Mr.

Jennings at an updated email address (which has been used ever since in this case),[1] prompting Anderson's motion one week later seeking leave to plead instanter with respect to the counterclaim. (Doc. No. 8.) That motion was granted and Anderson filed her responsive pleading. (Doc. No. 9.)[2]

Two weeks after the pleadings were completed, on July 13, 2019, the Court issued its Case Management Conference ("CMC") Scheduling Order, wherein it set August 16, 2019 as Anderson's deadline to serve the mandatory initial disclosures required by Fed. R. Civ. P. 26(a). (Doc. No. 10 at 180.[3]) Anderson has never served those disclosures (Doc. No. 19-2, Affidavit of Richard J. Silk, Jr. ["Silk Aff. 1"] ¶ 3), despite both a federal civil rule and an express Court order to do so.[4] The Corrells served discovery on Anderson on August 23, 2019 (*see* Doc. No. 11); Anderson never responded to or objected to any of the discovery. (Silk Aff. 1 ¶¶ 5–6.) Following the CMC on September 6, 2019, the parties engaged in mediation with a magistrate judge.[5] When that failed, the Corrells filed a dispositive motion, which has now been addressed by the Court. (*See* Doc. No. 37.)

On December 9, 2019, while the summary judgment motion was being briefed, the Corrells moved to compel entry to the relevant property and for an order preserving evidence. (Doc. No. 23.) Their sanctions motion represents that they were forced to file a motion to compel because

---

[1] The original email address for plaintiff's counsel on the first several filings in the case (including the answer and counterclaim) was *jjennings@communitylegalaid.org*. His current email address is different.

[2] It is apparent from these latter filings that the updated email address for Mr. Jennings is correct.

[3] All page number references are to the page identification number generated by the Court's electronic docketing system.

[4] Anderson has also ignored the Court's order to file a preliminary estimate and/or budget of the amount of attorney fees and expenses anticipated. (*See* Doc. No. 10 at 180–81.)

[5] In the motion for sanctions, the Corrells point out that Anderson's counsel represented to the magistrate judge at the mediation that he had "overlooked" the magistrate judge's order to submit a mediation statement. (Mot. at 458.)

Anderson would not voluntarily cooperate with attempts to inspect the property she claims they damaged. (Mot. at 455.) This Court referred the motion to compel to the magistrate judge who conducted an in-person conference with counsel. The magistrate judge's order following the conference noted that "[d]espite having filed an opposition brief [to the motion to compel], [p]laintiff agreed to [d]efendants' request to preserve the property until after [d]efendants inspect the property on January 13, 2020." (Doc. No. 27, Order at 432.) The magistrate judge set 10:00 a.m. as the time for the inspection and ordered Anderson "to refrain from altering the [p]roperty until after [d]efendants inspect the [p]roperty on January 13, 2020." (*Id*. at 432–33.)[6]

On January 13, 2020, Dean Correll traveled to the property in North Benton, Ohio from Monroeville, Pennsylvania; his counsel traveled there from Columbus, Ohio, and the inspector, Leo Fertig, traveled from Kent, Ohio. All arrived before 10:00 a.m. on January 13, 2020, finding the residence locked. (Doc. No. 29-1, Affidavit of Richard J. Silk, Jr. ["Silk Aff. 2"] ¶¶ 6–7; Doc. No. 29-2, Affidavit of Dean Correll ["Correll Aff."] ¶¶ 3–4; Doc. No. 29-3, Affidavit of Leo Fertig ["Fertig Aff."] ¶¶ 3–4.)

While waiting to obtain access to the property, defendants' counsel promptly sent two emails to plaintiff's counsel, and left a voicemail message as well. (Silk Aff. 2 ¶ 8.) Hearing nothing from Anderson or her counsel, at 11:05 a.m., they left, traveling back to their respective places of employment. (Silk Aff. 2 ¶ 9; Correll Aff. ¶ 5; Fertig Aff. ¶ 5.) Each of them incurred needless travel expenses. (Silk Aff. 2 ¶ 10; Correll Aff. ¶ 6; Fertig Aff. ¶ 6.)

---

[6] During the conference, Anderson's counsel represented to the magistrate judge that he had already made arrangements with Anderson to provide access for the inspection on January 13, 2020, and had further confirmed that Anderson would suspend all further renovations until after the inspection. The Corrells argue that the conference with the magistrate judge would not have been necessary had plaintiff's counsel shown the professional courtesy of informing the magistrate judge and opposing counsel of this agreement prior to the conference. Instead, Anderson chose to oppose the motion and force the in-person conference with the magistrate judge, resulting in unnecessary expenses to the defendants. (Mot. at 455–56.)

At 11:50 a.m. on January 13, 2020, the Corrells' counsel received a voice message from Anderson's counsel stating that he thought he had made it clear to Anderson that she was to provide access on January 13, 2020. (Silk Aff. 2 ¶ 11.) The next day, Anderson's counsel contacted the Corrells' counsel and reported that Anderson had mistakenly believed the inspection date to be January 20, 2020, and that she was requesting the parties to report on that day (a federal holiday) for the inspection.[7] (*Id.* ¶ 12.) Since that date was not workable for all, the Corrells have suggested an alternate date of February 13, 2020 at 10:00 a.m., but that had not been confirmed as of the filing of their motion to compel. (*Id.* ¶ 13; Doc. No. 31-1, Affidavit of Richard J. Silk, Jr. ["Silk Aff. 3"] ¶¶ 8–9.)

In light of all of the contemptuous actions by Anderson, the Corrells seek an order of sanctions requiring Anderson to pay the Corrells' reasonable expenses and attorney fees related to their efforts to obtain and conduct the inspection of the property and to preserve whatever evidence is remaining. (Mot. at 459.)[8]

## II.    DISCUSSION (Including Legal Standards)

### A.    Contempt

The Corrells ask this Court for an order declaring Anderson in contempt for her failure to comply with the magistrate judge's order of January 2, 2020 compelling access to the subject property for an inspection.

---

[7] The motion identifies several good reasons why this assertion is simply not credible. (Mot. at 457.)

[8] The motion also seeks an order requiring Anderson to make the property available on February 13, 2020 at 10:00 a.m. However, while this motion was pending, the Corrells filed a supplement indicating that the inspection had occurred on February 13, 2020 and they were, therefore, withdrawing that portion of their motion for sanctions. (*See* Doc. No. 34, Third Supplement in Support of Motion for Sanctions.)

In light of the facts set forth above, the Corrells are entitled to the requested order. *See* Fed. R. Civ. P. 37(b)(2)(A)(vii) (permitting a court to treat as contempt a party's failure to obey any order, except an order to submit to a physical or mental examination).

**B.**     **Attorney Fees and Expenses**

The Corrells also seek, as a sanction, an order requiring Anderson to pay the following itemized fee and expenses:

(1)    The [defendants' counsel's] attorney fees related to preparing the Corrells' Motion to Compel Access, which includes 11.7 hours at a billed rate of $100.00 per hour, for a total of $1,170.00 (Silk Affidavit [2], ¶ 18(a));

(2)    The [defendants' counsel's] attorney fees related to appearing for the [h]earing on January 2, 2020, which includes 7.6 hours at a billed rate of $100.00 per hour, for a total of $760.00 (*Id.* at ¶ 18(b));

(3)    The [defendants' counsel's] travel expenses related to appearing for the January 2, 2020 [h]earing on the Corrells' Motion to Compel Access, including total mileage of 349 at the IRS rate of $0.58 per mile, plus parking expense of $5.00.00 [sic], for a total of $207.42 (*Id.* at ¶ 18(c));

(4)    The [defendants' counsel's] attorney fees related to appearing for the failed January 13, 2020 inspections, which includes 7.4 hours at a billed rate of $100.00 per hour, for a total of $740.00 (*Id.* at ¶ 18(d));

(5)    The [defendants' counsel's] travel expenses related to appearing for the failed January 13, 2020 inspections, including total mileage of 190 at the IRS rate of $0.58 per mile, for a total of $168.20 (*Id.* at ¶ 18(e));

(6)    The [defendants' counsel's] attorney fees related to preparing the Corrells' Motion for Sanctions, which includes 16.9 hours at a billed rate of $100.00 per hour, for a total of $1,690.00 (*Id.* at ¶ 18(f));

(7)    The [defendants' counsel's] anticipated travel expenses related to appearing for the February 13, 2020 inspections, including total mileage of 190 at the IRS rate of $0.58 per mile, for a total of $168.20 (*Id.* at ¶ 18(g));

(8)    The [defendants' counsel's] anticipated attorney fees related to appearing for the February 13, 2020 inspections, which includes 7.4 hours at a billed rate of $100.00 per hour, for a total of $740.00 (*Id.* at ¶ 18(h));

(9) Dean Correll's travel expenses related to appearing for the failed inspections on January 13, 2020 inspections, including total mileage of 175.8 at the IRS rate of $0.58 per mile, for a total of $140.64, plus toll road fees of $13.90, for a total expense of $154.54 ([D.] Correll Affidavit, ¶ 6);

(10) Dean Correll's anticipated travel expenses related to appearing for the inspections on February 13, 2020, including total mileage of 175.8 at the IRS rate of $0.58 per mile, for a total of $140.64, plus toll road fees of $13.90, for a total expense of $154.54 (*Id*. at ¶ 7);

(11) Leo Fertig's travel expenses related to appearing for the failed inspections on January 13, 2020 inspections, including total mileage of 43.4 miles at the IRS rate of $0.58 per mile, for a total expense of $25.17 (Fertig Affidavit, ¶ 6); and

(12) Leo Fertig's anticipated travel expenses related to appearing for the inspections on February 13, 2020, including total mileage of 43.4 miles at the IRS rate of $0.58 per mile, for a total expense of $25.17 ([*Id*.], ¶ 7).

(Mot. at 459–60.)

Rule 37 addresses failures to make disclosures or to cooperate in discovery, and includes several sections, cited by the Corrells in the instant motion, identifying appropriate sanctions for such failures, including paying a movant's reasonable expenses and attorney fees.

Here, with no substantial justification, Anderson initially refused to voluntarily permit the inspection defendants rightfully sought, necessitating their motion to compel. Then, although actually having agreed with her counsel that she would permit the inspection, she nonetheless permitted counsel to *oppose* the motion to compel, necessitating what turned out to be a needless in-person conference with the magistrate judge, which entailed significant travel expense. Finally, after being ordered by the magistrate judge to permit the inspection on January 13, 2020, she nonetheless failed to comply, again needlessly wasting time and travel expenses for the defendants, their counsel, and their inspector.

Plaintiff has made no attempt to respond to the motion for sanctions, or to be heard in any way regarding the motion, and the time for doing so has passed. *See* Local Rule 7.1(d) (opposition due within 14 days of service of a non-dispositive motion). Defendants are entitled to recover most of the expenses listed above.[9] However, the Court finds no reason to award the expenses listed in numbers (7), (8), (10) and (12), since defendants would have had to bear the costs of at least one inspection in any event. It is only the failed inspection that resulted in unanticipated costs for which defendants are entitled to recover from plaintiff as a sanction.

## III.   CONCLUSION

For the reasons set forth above, the Court finds plaintiff Alicia J. Anderson in violation of the Federal Rules of Civil Procedure, the Court's Local Rules, and Court orders, and defendants' motion for sanctions (Doc. No. 29) is **granted in part**, as follows:

Anderson is ordered to pay the attorney fees listed in numbers (1), (2), (4), and (6) (for a sub-total of **$4,360.00**), and the travel expenses listed in numbers (3), (5), (9), and (11) (for a sub-total of **$555.33**). Thus, the overall total awarded to defendants against plaintiff is **$4,915.33**.

**IT IS SO ORDERED**.

Dated: March 23, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[9] Defendants have supported their request with appropriate affidavits and other relevant evidence.